# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 14-432V
Filed: June 24, 2016

```
* * * * * * * * * * * * * * * * * * * * * * * *
KRISTIN MEHNER,                    *       Not for Publication
                                   *
             Petitioner,           *
    v.                             *       Attorney's Fees and Costs;
                                   *       Contested; Range.
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
             Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

John W. Grimm, The Limbaugh Firm, Cape Girardeau, MO, for petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On May 20, 2014, Kristin Mehner ("Ms. Mehner" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"]. Petitioner alleged the hepatitis B ("hep B") vaccine she received on May 23, 2011 led her to develop transverse myelitis ("TM"). *See generally* Petition ("Pet."), ECF No. 1; Petitioner's Exhibit ("Pet. Ex.") 6. The undersigned dismissed this case for failure to demonstrate entitlement to compensation on February 2, 2016. Decision, ECF No. 35. Petitioner now seeks an award of attorney's fees and costs in the amount of $16,344.10, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorney's Fees ("Motion for Fees"), ECF No. 37, at 2. After careful consideration, the undersigned has determined to **grant the request in full** for the reasons set forth below.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

## I. Facts.

Petitioner received the allegedly causal hep B vaccination on May 23, 2011 at Cape Physician Associates in Cape Girardeau, Missouri, in preparation for her upcoming mission trip to Zimbabwe. Pet. at 1-2; Pet. Ex. 9 at 3. Petitioner noted in her affidavit that she had leg, lower back, and stomach numbness and pain, which continued to worsen, eventually causing the petitioner to seek treatment at the emergency room at Southeast Missouri Hospital. Pet. Ex. 1 at 1. During her stay at the hospital, petitioner was diagnosed with and treated for TM by a treating neurologist, Dr. Andrew Godbey. Pet. Ex. 4 at 22. Upon release from the hospital, Ms. Mehner was "stable" but continued to experience "proximal right lower extremity weakness and a sensory level at approximately T11." *Id*. Ms. Mehner's condition was reportedly improving at a follow-up visit with Dr. Godbey on June 22, 2011. Pet. Ex. 5 at 4.

Two years later, in the summer of 2013, Ms. Mehner reached out to another neurologist, Dr. Daniel Becker, as she continued to experience weakness and pain in her right leg. Pet. Ex. 7 at 6-8. Dr. Becker agreed that Ms. Mehner likely suffered a "myelopathy event" but did not feel it was appropriate to formally diagnose petitioner with TM. *Id*. In November of 2013, Ms. Mehner again sought treatment from Dr. Godbey, who re-confirmed his diagnosis of idiopathic TM. Pet. Ex. 5 at 26-29.

## II. Procedural History.

This case was filed on May 20, 2014 and was initially assigned to now-Chief Special Master Dorsey. Notice of Assignment, ECF No. 2. On the same day, Petitioner's counsel filed seven exhibits, petitioner's exhibits 1-7. Notice of Filing, ECF No. 4. After the filing of more medical records, petitioner's counsel filed a Statement of Completion on August 15, 2014. Statement of Completion, ECF No. 9. Respondent's counsel filed her Rule 4(c) ("Rule 4") Report on December 12, 2016, recommending against compensation because petitioner failed to establish causation by a preponderance of the evidence. Respondent's Report, ECF No. 15 at 5. Respondent claimed that petitioner's expert, Dr. Godbey, failed to causally link the vaccination and petitioner's injury in accordance with the *Althen* criteria. *Id.*; *Althen v. Sec'y of HHS*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Following the filing of the Rule 4, Chief Special Master Dorsey held a Rule 5 status conference on January 22, 2015, where she noted there were outstanding medical records. Scheduling Order, ECF No. 18 at 1. She concluded that while there was no conclusive statement of petitioner's diagnosis, she believed there to be "more evidence than not that petitioner suffered from transverse myelitis." *Id.* She ordered petitioner to file the missing records and an Amended Statement of Completion. *Id.* at 2. The Chief Special Master also requested that respondent's counsel file a status report after petitioner's records were filed, advising whether her client was open to entertaining settlement discussions. *Id.*

Petitioner filed additional medical records on February 23, 2015. Notice of Filing, ECF No. 22. On February 24, 2015, petitioner filed a status report and stated that she forwarded her demand to respondent. Status Report, ECF No. 23. On March 25, 2015, respondent's counsel filed a status report stating that her client was not amenable to settlement discussions until expert

2

reports were filed. Status Report, ECF No. 23. The parties filed a joint status report, dated March 27, 2015, outlining a schedule for the filing of expert reports; petitioner intended to file an expert report on or before June 1, 2015, which will be followed within 60 days by respondent's responsive report. Joint Status Report, ECF No. 26.

On July 17, 2015, Chief Special Master Dorsey held another status conference as petitioner had not yet filed an expert report that complied with the criteria as set forth in *Althen*. Scheduling Order, ECF No. 28. During the conference, petitioner's counsel confirmed that he had not yet obtained an expert report. *Id.* However, because petitioner had submitted an affidavit from petitioner's treating physician, Chief Special Master Dorsey ordered respondent to produce a responsive report to that affidavit so that the record was complete. *Id.* Respondent filed an expert report authored by Dr. Vijay Thadani, along with medical literature, on October 13, 2015. Notice of Filing, ECF No. 31.

This case was reassigned to the undersigned on October 21, 2015. Notice of Reassignment, ECF No. 33. A status conference was held on November 12, 2015, following which petitioner's counsel was ordered to file either an expert report or a motion for a ruling on the record. Order, dated Nov. 12, 2015. In compliance with this order, petitioner moved for a ruling on the record on December 28, 2015. Motion, ECF No. 34. No response was filed and therefore, on February 2, 2016, the undersigned issued a decision stating that petitioner was not entitled to compensation, as she had failed to: (1) advance a medical theory linking the vaccine to the injury, (2) demonstrate a logical connection between the vaccine and the injury, or (3) establish a proximate temporal relationship, pursuant to the *Althen* factors. Decision, ECF No. 35 at 7 (citing *Althen*, 418 F.3d at 1278).

Petitioner filed a motion for attorney's fees and costs ("Motion") on March 24, 2016. Motion for Fees, ECF No. 37.[3] Petitioner's counsel requested fees in the amount of $15,622.50, with the hourly rate for primary counsel, Mr. John Grimm, set at $275 per hour, and additional counsel, Mr. John Steffens, set at $225 per hour. *Id*. These rates remain constant, despite the fact that the case was pending for 2 years. *See generally* Exhibit B. Petitioner requested expenses in the amount of $721.60. *Id.* Pursuant to General Order # 9, petitioner represented that she paid no costs in pursuit of her claim. Exhibit D.

Respondent's counsel filed her response ("Response") on April 11, 2016. Response, ECF No. 38. Respondent objected to petitioner's attorney's fees request, alleging a "reasonable" amount for fees in this case to fall between $8,000 and $12,000. *Id.* Respondent offered no justification for the award amount other than to cite the United States Supreme Court opinion in *Fox v. Vice*, as a reason for the fees reduction. *Id.* at 2-3; *Fox v. Vice*, 536 U.S. 826, 131 (2011). In her response, respondent noted that she is "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. Petitioner filed a response to respondent's response ("Reply") the next day, disagreeing with the range, arguing the time and money expended by Petitioner's counsel were appropriate and reasonable. Reply, ECF No. 39. This matter is now ripe for decision.

---

[3] Petitioner filed 8 exhibits, labeled as Exhibits A-H, with her Motion for Attorneys' Fees and Costs.  *See* Motion, ECF No. 37.  These exhibits will be referred to by their individual letter.

### III.     Applicable Law.

The Vaccine Act allows Special Masters to award attorney's fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis." § 15(e). This is a discretionary determination made by the Special Master, requiring no line by line analysis. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011). Rather, the fact finder uses a lodestar method – multiplying a "reasonable" fee by the hours the attorney worked. *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989); *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010). While respondent does have the opportunity to object to said amount, pursuant to the Vaccine Rules, when no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The recent decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorney's fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *18 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $300 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $275 to $375 is proper. *Id.* For 4 to 7 year years of experience, $250 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 to $200. *Id.*

### IV.     Discussion.

In her Response, respondent provided no specific objection to the amount requested or the hours worked in this matter, but instead, offered a range which she believes is reasonable to pay the attorneys who worked on this case. Response at 3. Respondent simply "reminded" the Court of its discretion in awarding fees, quoting *Fox v. Vice,* and reiterated the fact that 'the determination of [attorney's] fees "should not result in a second major litigation."' Response at 2-3.

John W. Grimm is an accomplished attorney who has been practicing law for 27 years. Exhibit E at 1. He is barred in several jurisdictions and courts and has worked as a Circuit Court judge. *Id.* Petitioner presented multiple affidavits speaking to Mr. Grimm's credibility and success. Exhibits G, H. The rate Mr. Grimm is charging, $275, is well below the recommended range from *McCulloch* ($300-$425) for his experience. *McCulloch v. Sec'y of HHS*, 2015 WL 5634323, at *18. That amount, even discounted for Mr. Grimm's inexperience in the Program, is still a reasonable amount.

John C. Steffens has been practicing law for 6 years. Exhibit F. He has worked at multiple firms and is barred in 3 jurisdictions. *Id.* The rate being charged for his time, $225, is also below the suggested range ($250-$300) and the time he spent working on the case was limited. Again, this amount is reasonable, despite his lack of experience in the Program.

After reviewing the billing records, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. *See generally* Exhibit B. I therefore see no reason to reduce petitioner's application for fees and costs.

### V.     Total Award Summary.

I find that petitioner's counsel's request is reasonable and she is entitled to the requested fees and costs pursuant to § 15(e)(1). For the reasons contained herein, **a check in the amount of $16,344.10[4] made payable jointly to petitioner, Kristin Mehner, and petitioner's counsel of record, John W. Grimm, for petitioner's attorney's fees and costs shall be issued.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).